## LICENCIADO IVÁN A. RAMOS, notario

*Número:* Q-340          *Resuelto:* 23 de enero de 1976

*Iván A. Ramos, pro se* y *Jorge L. Córdova,* abogado del notario.

PER CURIAM: El 12 de agosto de 1975 se otorgó ante el notario Iván A. Ramos la Escritura Núm. 90 sobre Cancelación de Hipoteca. En el hecho tercero de dicha escritura se hizo constar lo siguiente:

"TERCERO: El compareciente es el portador de los dos pagarés a que se refiere el hecho inmediato anterior, cuyos pagarés

---

me entrega, y yo, el Notario, procedo a cotejarlos cuidadosamente, identificándolos como los mismos pagarés a que se refieren las escrituras de hipoteca antes relacionadas y como es voluntad y deseo del compareciente el cancelar las dos hipotecas que aseguran dichos pagarés, yo, el Notario, procedo a inutilizarlos taladrándolos e imprimiendo varias veces sobre ellos la palabra 'CANCELADOS' con sello de goma y en tinta indeleble de lo cual DOY FE."

El Inspector de Notarías investigó una queja debidamente jurada en la que se le imputó al notario Ramos que había faltado a la fe notarial al hacer constar en la mencionada escritura, sin ser cierto, que le habían entregado ambos pagarés y que los había inutilizado. El informe rendido por el Inspector de Notarías revela que cuando se otorgó la escritura Núm. 90 del 12 de agosto de 1975 el notario Ramos no tuvo ante sí uno de los pagarés a que se refiere el párrafo TERCERO antes transcrito, y por tales razones no pudo haberlo cancelado, como dio fe de haberlo hecho, al momento del otorgamiento, ya que este pagaré estaba en manos de una tercera persona. [1]

En vista de lo anterior, concedimos al notario Ramos un término de 30 días para que mostrara causa, si alguna tuviere, por la cual no debía ser disciplinado. El notario Ramos compareció ante nos admitiendo que, en efecto, había faltado a la fe notarial al hacer constar un hecho falso. Arguye, sin embargo, que dio prematuramente fe de la cancelación por la dificultad en comunicarse con el acreedor y por la conveniencia para éste de que no se suspendiera una negociación con una persona que prestaría los fondos con los cuales había de satisfacerse el pagaré. La explicación no nos convence.

---

[1] Mediante la escritura Núm. 90 de 12 de agosto de 1975 se cancelaron dos pagarés. La queja aquí en cuestión se refiere al pagaré de $6,000.00 garantizado por hipoteca constituida en la escritura Núm. 43 de 12 de mayo de 1971 ante el notario Iván A. Ramos.

■ El notario ejerce una función pública que reviste de autenticidad todos los actos en que él interviene. Es precisamente esta condición de certeza y confianza en sus actuaciones lo que le brinda eficacia y garantía al documento notarial. Por eso, es imprescindible que el notario observe la mayor pureza y honestidad en el descargo de la fe pública notarial.

■ Al afirmar el notario Ramos en la mencionada escritura Núm. 90 un hecho que sabía falso, como lo era el de afirmar que se le había entregado el pagaré y que lo había inutilizado, constituye conducta censurable que socava la confianza en él depositada por la ley.

*Se suspende al notario Iván A. Ramos del ejercicio de la notaría por un término de un año y se le impone una multa de $500.00 que deberá depositar en la Secretaría de este Tribunal en un plazo de diez días, a partir de la notificación de esta resolución.*