*In re* CÉSAR ECHEVARRÍA GONZÁLEZ, querellado.

*Número:* MC-85-7      *Resuelto:* 21 de mayo de 1985

*Américo Serra, Procurador General Interino, Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo; *César Echevarría González, pro se.*

PER CURIAM: El abogado César Echevarría González fue admitido a la práctica de la abogacía por este Tribunal el 11

de diciembre de 1975, y al ejercicio del notariado el 6 de febrero de 1976. (¹)

Con fecha de 14 de enero de 1985 el Fiscal de Distrito de Ponce envió al Procurador General fotocopia de una declaración jurada tomádale al licenciado Echevarría González en el curso de una investigación relacionada con los delitos de apropiación ilegal agravada y posesión y traspaso de documentos falsificados, (²) en relación con varios vehículos de motor. De dicha declaración se desprende que los traspasos fraudulentos fueron notarizados por el declarante sin que las personas que figuraban como vendedores hubieran comparecido ni firmado ante dicho notario, ni fueran conocidos por éste.

El 28 de febrero de 1985, al ser notificado este Tribunal sobre dichas actuaciones del notario mencionado, le requerimos mostrar causa por la cual no deba ser separado del ejercicio del notariado. Ha comparecido y admite las faltas cometidas. Aduce a su favor que fue sorprendido en su buena fe por el supuesto adquirente de los vehículos, a la sazón Alguacil del Tribunal Superior, Sala de Ponce, Sr. Francisco Guzmán, quien era su amigo y persona de su confianza. Protesta de la sanción intimada en nuestra resolución sobre mostración de causa, diciendo:

> Que entiende esto no debe ser así por creer de forma convincente de que su falta no se debió a interes [*sic*] de obtener lucro y beneficios personales al notarizar los documentos producto de su querella y si [*sic*] el haber sido cogido [*sic*] en su buena fe por la persona que gozaba de su confianza ya que como se ha informado al Honorable Procurador General y al Honorable Tribunal ésta [*sic*] persona era un funcionario público que gozaba de buena reputación y al pedirle a

---

(¹)Por resolución de este Tribunal de 30 de diciembre de 1983 fue suspendido de la práctica de la abogacía y el notariado debido al no pago de cuotas como miembro del Colegio de Abogados. Fue reinstalado el 26 de enero de 1984, una vez satisfizo las cuotas adeudadas.

(²)Art. 272, Código Penal, 33 L.P.R.A. sec. 4592.

este abogado que notarizara los documentos le indicó que él personalmente había cogido [*sic*] la firma a todas las partes por esa razón y entendiendo que él como funcionario público y conocido de años no iba a mentir procedió a notarizar el documento.

Esta explicación del querellado acusa ignorancia crasa de su responsabilidad como notario, depositario de la fe pública. Entiende, erróneamente, que la fe pública notarial puede ser delegada por el notario en una persona en quien tenga confianza. Ello equivaldría a dar sello de autenticidad a un documento no suscrito ante el notario, pero sí ante una persona de su confianza. Quien así entiende su función como notario es indigno de serlo.

*Se dispondrá la separación inmediata del querellado Lcdo. César Echevarría González del ejercicio del notariado y se le previene para que en el ejercicio de la abogacía sea más cuidadoso en la observancia de sus responsabilidades legales y éticas. Se ordenará al Alguacil General de este Tribunal que proceda sin dilación a incautarse de los protocolos y obra notarial del querellado.*