*In re* PEDRO ROLDÁN FIGUEROA.

*Número:* 1418          *Resuelto:* 30 de enero de 1992

*Jorge E. Pérez Díaz, Procurador General, Norma Cotti Cruz* y *Anabelle Rodríguez, Subprocuradoras Generales,* e *Ivonne Casanova Pelosi, Procuradora General Auxiliar,* abogados de la Oficina del Procurador General; *Martín Roldán Colón,* abogado del notario intervenido; *Pedro Roldán Figueroa, pro se.*

EL JUEZ PRESIDENTE SEÑOR PONS NÚÑEZ emitió la opinión del Tribunal.

PER CURIAM: Mediante Resolución de 21 de diciembre de 1990, pág. 2, designamos al Lcdo. José F. Rodríguez Rivera como Comisionado Especial "para que oiga y reciba la prueba que se le presente, debiendo los testigos declarar bajo juramento sobre si el Lcdo. Pedro Roldán Figuero[a] está incapacitado físicamente por razón de la condición de su visión que le impida continuar siendo notario de conformidad con las disposiciones de ley aplicables". A tenor con nuestra resolución, las partes optaron por renunciar a la vista y someter el asunto al Comisionado Especial a base de informes médicos.

Visto el informe del Comisionado Especial, procedemos a resolver.

I

La Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, en su Art. 2, define al notario como "el profesional del Derecho que ejerce una función pública, autorizado para *dar fe* y *autenticidad* conforme a las leyes de los negocios jurídicos y demás actos y hechos extrajudicia-

les que *ante él se realicen* .... La fe pública al notario es plena respecto a los hechos que, en el ejercicio de su función *personalmente ejecute* o *compruebe...*". (Énfasis suplido.) 4 L.P.R.A. sec. 2002.

El notario es el único profesional a quien el Estado lo ha investido con la *Fe Pública*, lo que significa que todo documento autorizado por el notario goza de una presunción de veracidad y corrección. Este Tribunal ha señalado que el notario, al autorizar un documento, "presuntivamente da fe pública y asegura que ese documento cumple con todas las formalidades de ley, formal y sustantivamente, que el documento es legal y verdadero, y que se trata de una transacción válida y legítima. La investidura que conlleva la fe pública notarial va acompañada de una presunción controvertible [de] *los actos que ve y oye —vidit et audit—* y de que lo allí consignado es legal y verdadero. En resumen, la dación de fe está avalada por la confianza de que los hechos jurídicos y circunstancias que acredite fueron *percibidos con sus sentidos*. A. Neri, *Tratado teórico y práctico de derecho notarial*, Buenos Aires, Ed. Depalma, 1969, Vol. I, pág. 445 *et seq.*; J.M. Sanahuja y Soler, *Tratado de Derecho Notarial*, Barcelona, Ed. Bosch, 1945, T. 1, pág. 15 *et seq.* Es evidente pues, que la fe pública constituye la espina dorsal del cuerpo notarial". (Énfasis suplido.) *In re Feliciano Ruiz*, 117 D.P.R. 269, 275 (1986).

Esta función del notario es personal, indivisible e indelegable. *In re Alvarado Tizol*, 122 D.P.R. 587 (1988). Es por ello que el notario, para cumplir a cabalidad su función pública, debe *únicamente* dar fe de aquello que le consta de propio conocimiento y *que ocurre en su presencia. In re Lavastida et al.*, 109 D.P.R. 45, 78 (1979); *In re Ramos*, 104 D.P.R. 568, 570 (1976).

El notario en Puerto Rico ejerce una función dual, como funcionario público y como profesional del derecho.

En el desempeño de ambas funciones "es que en la esfera de los hechos *da fe de lo que ve, oye y percibe por sus sentidos,* y como jurista, autentica y formula un juicio de certeza que nutre de fuerza probatoria las declaraciones de voluntad de las partes en instrumentos y documentos públicos redactados conforme las leyes". (Énfasis en el original suprimido y énfasis suplido.) *In re Cruz Cruz,* 126 D.P.R. 448, 453 (1990).

## II

Luego de un análisis riguroso del informe del Comisionado Especial, de los informes de los peritos y las normas de derecho previamente esbozadas, debemos forzosamente concluir que el Lcdo. Pedro Roldán Figueroa se encuentra físicamente incapacitado para ejercer la notaría. Veamos.

El perito designado por el Procurador General, Dr. Rufo Rosa Elías (oftalmólogo), luego de examinar al licenciado Roldán Figueroa, concluye en su informe médico de 15 de mayo 1991 lo siguiente, y citamos:

Diagnóstico: 1. Retinopatía diab[é]tica en estado avanzado, con pérdida de visi[ó]n total por el ojo izquierdo y pérdida marcada de visi[ó]n por el ojo derecho.
Prognóstico: Es pobre para recuperar o retener alguna visión ya que la condición es progresiva.

Por su parte, el Dr. Eduardo Taboas (oftalmólogo), perito designado por el Comisionado Especial, luego de examinar al licenciado Roldán Figueroa emitió la evaluación siguiente:

Diagnóstico de impresión:
1. Catarata senil leve [en] ambos ojos.
2. Pérdida total de visión en ojo izquierdo por u[n] Glaucoma Neovascular asociado o secundario a etapas finales de Retinopatía Diabética.
3. Retinopatía Diabética proliferativa máximamente tratada en el ojo derecho con la consecuente pérdida en visión (Va-20/400)

4. Exotropía OS
Comentarios:
El licenciado Roldán necesita evaluación y manejo de un especialista en Retina, ya que, su condición visual es extremadamente delicada; su único ojo de visión (OD) es muy pobre (20/400) y está en riesgo real de pérdida total de la visión.

Por último, la Dra. Melba Jiménez, del Centro para Ciegos del Hospital de Veteranos, y designada por el propio licenciado Roldán Figueroa, señaló en su informe lo siguiente:

A Quien Pueda Interesar:
La presente es para notificarle que el Lic. Pedro Roldán es legalmente ciego debido a retinopatía proliferativa.
Sus agudezas visuales son de 20/200 en el ojo derecho y no percibe luz en el ojo izquierdo.

Los tres (3) informes periciales son unánimes al establecer que el licenciado Roldán Figueroa sufre una grave condición de ceguera debido a retinopatía diabética progresiva y que no tiene visión alguna en su ojo izquierdo. Los médicos también coinciden en que debido a la pobre visión que le queda en su ojo derecho y a la condición progresiva de su enfermedad, el licenciado Roldán Figueroa está en riesgo real de perder totalmente la visión.

El licenciado Roldán Figueroa, en su réplica a nuestra Resolución de 24 de julio de 1990, admite que su visión se encuentra bastante afectada "hasta el punto que no puede leer una escritura", aunque aclara que no es ciego. Réplica a Resolución de 24 de julio de 1990, pág. 5. Argumenta además el licenciado Roldán Figue roa en su escrito que la condición en que se encuentra su visión sólo lo incapacita para cumplir con la disposición del Art. 21 de nuestra Ley Notarial, 4 L.P.R.A. sec. 2039,(¹) pero què según su

_____

(¹) El Art. 21 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2039, señala que "[c]uando no sepa o no pueda leer alguno de los otorgantes se dará lectura dos veces en voz alta al instrumento de que se trate, *una por el notario* y otra por el testigo que

interpretación, la lectura del instrumento por el notario es delegable.([2])

■ Esta interpretación a la que llega el licenciado Roldán Figueroa es totalmente equivocada a tenor con nuestra jurisprudencia y lo que representa la figura del notario en Puerto Rico. Consistentemente este Tribunal ha señalado que las funciones del notario son *personales, indelegables e indivisibles —In re González González*, 119 D.P.R. 496 (1987); *In re Laboy*, 113 D.P.R. 476, 481 (1982); *In re Meléndez Pérez*, 104 D.P.R. 770 (1976)— y no hemos vacilado en imponer medidas disciplinarias a todo aquel notario que claudique sus deberes como depositario de la fe pública notarial. Véanse: *In re Rivera Ortiz*, 117 D.P.R. 401 (1986); *In re Félix*, 104 D.P.R. 379, 380 (1975).

Este Tribunal, en ocasión de pasar juicio sobre la solicitud de un abogado ciego para ser admitido al ejercicio notarial —la cual fue denegada— expresó que "[p]or razón de las características, elementos y naturaleza del poder autenticador, la función y labor del notario ha de ser personal y ante su presencia. No es delegable ni transferible a ninguna otra persona". *In re Requisitos Adm. Ejercicio Notarial*, 110 D.P.R. 461, 462 (1980).

## III

■ Por los fundamentos antes expuestos, ante la grave condición en que se encuentra la visión del licenciado Roldán Figueroa y según los informes médicos que hemos tenido ante nos, *procede decretar, como medida especial de protección social, la suspensión indefinida del ejercicio de la notaría al Lcdo. Pedro Roldán Figueroa por estar éste*

---

dicho otorgante designe, de lo cual dará fe el notario". (Énfasis suplido.)

([2]) Esto es precisamente lo que ha venido realizando el licenciado Roldán Figueroa en los últimos años. Cuando surgen situaciones como las que dispone el Art. 21 de la Ley Notarial de Puerto Rico, *supra*, éste delega en su secretaria para que ésta lea en voz alta a los otorgantes y a los testigos el instrumento público.

*físicamente incapacitado para cumplir a cabalidad con los deberes que impone nuestra Ley Notarial. Existen aspectos y requisitos legales de identificación y reconocimiento de documentos y de otorgantes con los que un notario ciego no puede cumplir.*

██ *A tenor con lo dispuesto en el Art. 64 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2104, se ordena al licenciado Roldán Figueroa entregar su obra notarial, sus Protocolos y Registros de Testimonios, debidamente encuardenados, a la Oficina de Inspección de Notarías dentro del término de treinta (30) días, contados a partir de la notificación de la sentencia que se emita por razón de esta opinión. Una vez inspeccionada y aprobada la obra notarial, la misma deberá ponerse bajo la custodia del Archivero Notarial del distrito correspondiente.*

*Se dictará sentencia de conformidad.*