EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  | |
|---|---|
| In re: <br><br> Víctor M. Padilla Santiago | 2003 TSPR 46 <br><br> 158 DPR _____ |

Número del Caso: TS-7159


Fecha: 5/marzo/2003


Oficina de Inspección de Notarías:
                        Lcda. Carmen H. Carlos
                        Directora

        Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Víctor M. Padilla Santiago          TS-7159

PER CURIAM

San Juan, Puerto Rico, a 5 de marzo de 2003

La Oficina de Inspección de Notarías (ODIN) nos ha rendido un informe del cual se desprende, en lo pertinente, que una inspección del protocolo correspondiente al año 1998 del abogado notario Víctor M. Padilla Santiago demuestra que en tres (3) escrituras de testamento abierto el referido Notario no dio fe de conocer al testador.[1] Nos informó, además, la mencionada Oficina que el notario Padilla Santiago <u>aceptó</u> haber cometido las faltas señaladas, afirmando que no podía corregir

---

[1]  Escrituras número 37, 66 y 74 del 31 de mayo, 31 de agosto y 8 de octubre 1998, respectivamente.

dichas deficiencias debido a que los testadores habían fallecido.[2]

Con motivo de dicho Informe, le concedimos término al notario Padilla Santiago para que expresara lo que a bien tuviera respecto al informe rendido por la ODIN y para que mostrara causa por la cual no debería ser disciplinado. Padilla Santiago ha comparecido. Expresa que es correcto el informe rendido por la ODIN, razón por la cual <u>acepta</u> las faltas cometidas, sometiéndose a la autoridad de este Tribunal. Debe señalarse, por último, que Padilla Santiago aduce, como excusa o atenuante de su conducta, que lo ocurrido se debió a que cuando adquirió:

> "...una nueva computadora y se fueron a hacer los borradores de las escrituras en la del Testamento, no se pusó 'doy fe' y aunque fue leído por la Secretaria, los Otorgantes y éste [sic] Notario en esas escrituras no me di cuenta de lo que faltaba."

I

El Artículo 634 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2150, le impone al notario autorizante la obligación de conocer al testador y de asegurarse de que éste tenga la capacidad legal para testar. Por otro lado, el Artículo 15(e) de la Ley Notarial, 4 L.P.R.A. sec. 2033(e), complementa ese mandato al establecer que en la

---

[2] Indicó el referido Notario, además, que había notificado a los herederos las deficiencias de las que adolecían los testamentos, acompañando, como anejos de su comparecencia, declaraciones juradas indicativas de que

escritura pública expresamente se consigne la fe del notario a los efectos de que conoce a los otorgantes, ya sea personalmente o mediante los mecanismos que provee la ley; además, el notario deberá hacer constar que, a su juicio, éstos poseen la capacidad legal necesaria para otorgar dicha escritura. Por último, debe señalarse que el Artículo 636 del Código Civil, 31 L.P.R.A. sec. 2152, establece que será nulo todo testamento en que no se observen las referidas formalidades de ley.[3]

No hay duda, en consecuencia, de que la Ley Notarial considera medular la comparecencia personal y el conocimiento de los comparecientes. Cintrón Ramos v. Registradora, 144 D.P.R. 91 (1997). Una vez el notario se aparta de cumplir con las obligaciones y deberes que le impone nuestro ordenamiento jurídico, el notario incurre en conducta que lesiona la confianza y la función pública en él investida, lo que usualmente genera sanciones

---

dichos herederos estaban de acuerdo con la última voluntad de los testadores.

[3] Refiriéndose, específicamente, a la dación de fe de conocimiento, en Deliz Muñoz v. Igartúa Muñoz, res. el 7 de febrero de 2003, 2003 TSPR 4, sostuvimos que, tratándose de una formalidad de fondo, su omisión no puede ser subsanada mediante la presentación de prueba extrínseca. A tales efectos, señalamos que en nuestro ordenamiento jurídico el requisito de la fe de conocimiento ocupa un sitial privilegiado, constituyendo un elemento esencial que ha llegado a considerarse como una solemnidad de importancia suprema e imperiosa. Esto es, se trata de una solemnidad indispensable para la validez del testamento que, al ser omitida, provoca la nulidad absoluta del testamento.

disciplinarias. Véase: *In re* <u>Capestany Rodríguez</u>, res. el 30 de junio de 1999, 99 TSPR 109.

Este Tribunal ha resuelto que cuando se afecta la eficacia del documento mismo otorgado --como en el presente caso ha sucedido-- la conducta del notario es una que debe ser calificada como seria y grave. *In re* <u>Madera Acosta</u>, 144 D.P.R. 743 (1998).

En *In re* <u>Ramos Vélez</u>, res. el 1$^{ro.}$ de junio de 2000, 2000 TSPR 82 --caso que presenta una situación de hechos similar a la del presente[4]-- este Tribunal entendió procedente, en vista del historial del notario allí involucrado,[5] suspender a éste del ejercicio del notariado por un término de noventa (90) días e imponerle el pago de una multa de $2,000.00.

## II

Nos informa ODIN que, con excepción del protocolo de 1998, la obra notarial de Padilla Santiago "... ha sido encontrada correcta". Aduce ODIN que, no obstante la conducta de éste ser una "grave", existen atenuantes, a

---

[4]     En dicho caso, al igual que en el presente, el notario autorizante omitió dar fe de conocer el testador en cuatro escrituras públicas que otorgara.

Resulta, cuando menos, curioso que la "excusa" que dicho notario brindó para justificar sus faltas fue una igual a la que brinda Padilla Santiago en el presente caso, a saber: errores y omisiones en la computadora.

[5]     Surge de la Opinión Per Curiam emitida en dicho caso que el notario Iván A. Ramos Vélez había sido disciplinado

saber: el hecho de que el notario Padilla Santiago "reconoció" la comisión de las faltas y que, contrario al caso de *In re* Ramos Vélez, ante, en el presente caso, "...hasta el momento, ninguno de los testamentos en cuestión ha sido impugnado", tendiendo todo a indicar "...que no se ha afectado el proceso de la distribución de la herencia.

En vista de todo lo anteriormente expuesto, consideramos procedente la imposición al notario Víctor M. Padilla Santiago de una sanción disciplinaria de sesenta (60) días de suspensión del ejercicio de la Notaría en Puerto Rico, a contarse dicha suspensión a partir del día en que el Alguacil de este Tribunal notifique de la Sentencia dictada en el presente caso al notario. El Alguacil deberá, además, incautarse en dicho día, de la obra notarial del referido notario, incluyendo su sello notarial, la cual deberá entregar a la Oficina de Inspección de Notarías para la acción correspondiente.

Se dictará Sentencia de conformidad.

---

anteriormente por el Tribunal por haber faltado a la fe notarial. Véase: *In re* Ramos Vélez, 104 D.P.R. 568 (1976).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Víctor M. Padilla Santiago                     TS-7159

SENTENCIA

San Juan, Puerto Rico, a 5 de marzo de 2003

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia suspendiendo al notario Víctor M. Padilla Santiago del ejercicio del Notariado en Puerto Rico por un término de sesenta (60) días; a contarse dicha suspensión a partir del día en que el Alguacil de este Tribunal notifique de la Sentencia dictada en el presente caso al notario.

El Alguacil procederá, además, en dicho día, a incautarse de la obra notarial del referido notario, incluyendo su sello notarial, la cual deberá entregar a la Oficina de Inspección de Notarías para la acción correspondiente.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo