EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Francisco Irlanda Pérez | 2004 TSPR 117 <br><br> 161 DPR \_\_\_\_ |

Número del Caso: TS-2917

Fecha: 30 de junio de 2004

Oficina de Inspección de Notarías:

           Lcda. Carmen H. Carlos
           Directora

Abogado del Querellado:

           Por Derecho Propio

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Francisco Irlanda Pérez
                            TS-2917

*PER CURIAM*

San Juan, Puerto Rico, a 30 de junio de 2004

Mediante informe a esos efectos, la Directora de la Oficina de Inspección de Notarías (ODIN), nos informó que un exámen de la obra notarial del abogado notario Francisco Irlanda Pérez había revelado que éste había otorgado una escritura pública, sobre testamento abierto[1], la cual adolecía de serias deficiencias[2], con el agravante

---

[1] Escritura Número 1, correspondiente al protocolo del año 1995.

[2] La fecha en que se autorizó el instrumento aparece únicamente en guarismos, sin que se consignara la misma en palabras, conforme establece el Artículo 27 de la Ley Notarial y la Regla 20 del Reglamento Notarial. Además, en el instrumento se omitió la fe expresa de que hubo unidad del acto, conforme lo requiere el Artículo 649 del Código Civil de Puerto Rico, el Artículo 24 de la Ley Notarial y la Regla 35 del Reglamento Notarial.

de que dichas deficiencias no habían podido ser corregidas por razón de que el testador había fallecido. Se nos informó, además, que el notario Irlanda Pérez aceptaba la comisión de las deficiencias señaladas.

Le concedimos término al referido abogado notario para que se expresara respecto al informe rendido por ODIN. En su comparecencia, nuevamente aceptó las fallas cometidas. Informó, además, que había sido radicada una acción en la Sala Superior de Carolina del Tribunal de Primera Instancia sobre partición de herencia. Nos señaló, por último, que estaba padeciendo de una serie de condiciones que afectaban seriamente su salud. Le concedimos término a ODIN para expresar su parecer. Mediante escrito, de fecha 28 de mayo de 2004, ODIN nos informa que el pleito civil, respecto a la herencia relacionada con el testamento otorgado, fue finalizado mediante una "estipulación transaccional y relevo general".

Resolvemos.


I

En *In re* Ramos Vélez, res. el 1[ro.] de junio de 2000, 2000 TSPR 82, reiteramos la doctrina de que "...el testamento es un acto inminentemente solemne que requiere se cumplan las formalidades correspondientes a cada tipo de testamento, so pena de nulidad..." y que estas "...formalidades no son simples cuestiones de evidencia,

sino requisitos sustantivos, de los cuales depende su validez". Véase, además, *In re* Padilla Santiago, res. el 5 de marzo de 2003, 2003 TSPR 46.

Ahora bien, las formalidades correspondientes a cada tipo de testamento, así como sus requisitos y el modo de otorgarlos, se disponen en el Código Civil de Puerto Rico. Así pues, entre los testamentos existentes en nuestro ordenamiento jurídico se encuentra el testamento abierto, el cual de acuerdo a nuestro Código se otorga ante notario. Véase: Artículo 644 del Código Civil, 31 L.P.R.A. sec. 2181.

En el testamento abierto, como en cualquier escritura, la Ley Notarial y su Reglamento rigen supletoriamente, complementando y asegurando el cumplimiento de las disposiciones del Código Civil. In re Nieves Ortiz, 144 D.P.R. 918 (1998). Véase, además: In re Padilla Santiago, 2003 TSPR 46. [3] Cónsono con lo anterior, este Tribunal ha sido enfático al disponer que al otorgar un testamento abierto, por ser éste un instrumento público, el notario debe cumplir no sólo con las solemnidades contenidas en el Código Civil sino, además, con los requisitos de forma que le imponen la Ley Notarial y su Reglamento. In re Nieves Ortiz, ante; In re Padilla Santiago, 2003 TSPR 46. La autorización de un testamento sin seguirse ni observarse rigurosamente las exigencias

---

[3] Ley Núm. 75 de 2 de julio de 1987 conocida como Ley Notarial, y Reglamento de 1 de agosto de 1995.

del Código Civil y la Ley Notarial pone en entredicho la validez del mismo y por tal razón se considera una infracción seria de parte del notario. <u>In re Méndez Rivera</u>, 141 D.P.R. 753 (1996); <u>In re Medina Adorno</u>, 113 D.P.R. 177 (1982).

Con relación a los requisitos de fondo de los testamentos abiertos, uno de éstos lo es la expresión del lugar, año, mes, día y hora de su otorgamiento. A esos efectos, el Artículo 645 de nuestro Código Civil dispone:

> El testador expresará su última voluntad al notario y a los testigos. <u>Redactado el testamento con arreglo a ella y con expresión del lugar, año, mes, día y hora de su otorgamiento</u>, se leerá en alta voz, para que el testador manifieste si está conforme con su voluntad. Tanto el testador como los testigos podrán leer por sí mismos el testamento, debiendo el notario advertirles de éste su derecho.... (énfasis suplido).

Por su parte, la Ley Notarial expresamente prohíbe el uso de guarismos en la expresión de fechas en los instrumentos públicos. Específicamente, el Artículo 27 de la referida pieza legislativa establece que <u>no</u> podrán usarse guarismos en la expresión de fechas y cantidades, a no ser que éstas también se consignen en letras. 4 L.P.R.A. sec. 2045.[4]

---

[4] Ello no obstante, como toda regla general, la misma tiene excepciones y éstas se detallan en la Regla 20 del Reglamento Notarial. 4 L.P.R.A. R.20. Entre dichas excepciones se encuentran las citas directas, citas legales, datos de inscripción en los registros, número de licencia de conducir, número de seguro social, número de pasaporte, entre otros.

Del informe de ODIN surge que el notario Irlanda Pérez expresó en guarismos el día correspondiente a la fecha en que fue otorgado el testamento. El referido notario aceptó incurrir en dicha falta. No cabe duda de que el día de otorgamiento es un componente esencial del testamento abierto y que, de acuerdo a las disposiciones de la Ley Notarial, dicho componente debía haberse consignado en letras en lugar de guarismos. Al utilizar únicamente guarismos en relación con la fecha de otorgamiento del testamento, el notario incurrió en una falta seria en la redacción de un instrumento público, quebrantando así su deber de cuidado y de ejercer la notaria con la mayor diligencia y celo profesional. In re Vergne Torres, 121 D.P.R. 500 (1988); In re Tirado, 118 D.P.R. 576 (1987); In re Colón Muñoz, 131 D.P.R. 121 (1992).

II

Nos señala ODIN que en la Escritura Núm. 1 del año 1995, el notario Irlanda Pérez no dio fe de que se hubiese observado la unidad de acto. El notario, igualmente, acepta haber incurrido en esta falta. Veamos.

Otra de las solemnidades del testamento abierto es que éste debe realizarse en unidad de acto. A esos fines en el Artículo 649 del Código Civil, ante, se dispone que:

> Todas las formalidades expresadas en este subcapítulo se practicarán en un solo acto, sin que sea lícita ninguna interrupción, salvo la que

pueda ser motivada por algún accidente pasajero. El notario dará fe, al final del testamento, de haber cumplido todas dichas formalidades y de conocer al testador o a los testigos de conocimiento de su caso. (énfasis suplido).

Por su parte, la Ley Notarial y su Reglamento requieren la unidad de acto siempre y cuando comparezca un testigo instrumental en el otorgamiento de un instrumento público. Regla 35 del Reglamento Notarial, ante. Cuando ello ocurre, el notario, bajo su fe notarial, tiene que hacerlo constar en la escritura. *Ibid*.; Art. 24 de la Ley Notarial, 4 L.P.R.A. sec. 2042.

La falta incurrida por el notario de no hacer constar en la escritura el que se haya observado la unidad de acto denota un descuido extremo de parte del licenciado Irlanda Pérez en su función notarial al redactar y autorizar instrumentos públicos. Como señaláramos en In re Vergne Torres, ante, "la notaría es una función de cuidado y debe ser ejercida con suma diligencia y celo profesional. La observancia de las disposiciones de la ley es esencial." Precisa recalcar que la unidad de acto es una solemnidad de los testamentos abiertos y que sin la dación de fe sobre ese particular se haría difícil para los tribunales de justicia el poder evaluar si en efecto ello se llevó a cabo.

Ahora bien, en vista de que esta es la primera vez que a este notario se le imputa una falta sobre su obra notarial, de que consta en el expediente una declaración

jurada de uno de los testigos del testamento donde se indica que en efecto hubo la unidad de acto durante el otorgamiento del mismo, y que ninguna parte ha sufrido daños por los descuidos incurridos por el notario, limitamos la sanción a ser impuesta al Lcdo. Irlanda Pérez a una censura, apercibiéndole de que en el futuro debe ser más cuidadoso en los instrumentos públicos que autorice.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Francisco Irlanda Pérez

                    TS-2917

SENTENCIA

San Juan, Puerto Rico, 30 de junio de 2004

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia censurando al Lcdo. Francisco Irlanda Pérez, y apercibiendo a éste del estricto cumplimiento ulterior en el desempeño de las obligaciones que emanan de su gestión notarial, específicamente en los instrumentos públicos que autorice.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señor Hernández Denton y señor Rivera Pérez no intervinieron.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo